IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE CRAMMER, | : | CIVIL ACTION |
| o/b/o JTM, a Minor, | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO.   19-cv-849 |
| | : | |
| ANDREW SAUL,[1] | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

## MEMORANDUM AND OPINION

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                                        May 29, 2020

Michelle Crammer, *pro se*, ("Plaintiff") filed this action on behalf of her minor son,[2] J.T.M., to review the final decision of the Commissioner of the Social Security Administration

---

[1] The Court has substituted Andrew Saul as Defendant in this matter pursuant to Fed. R. Civ. P. 25(d).

[2] The Third Circuit has discussed non-lawyer parents representing minor children:

> Individuals may proceed in federal court either pro se or with legal representation, but they may not be represented by non-lawyers, including non-lawyer parents. *See Murray ex rel. Purnell v. City of Phila.*, 901 F.3d 169, 170-71 (3d Cir. 2018) (*citing, inter alia*, *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991)). Some courts have recognized an exception permitting parents to represent minor children in Social Security cases for reasons related largely to the children's status as minors. *See*, e.g., *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1300-01 (10th Cir. 2011) (*citing, inter alia*, *Machadio v. Apfel,* 276 F.3d 103, 107-08 (2d Cir. 2002), and *Harris ex rel. Harris v. Apfel,* 209 F.3d 413, 417 (5th Cir. 2000)). We have not addressed that issue in a precedential opinion. *Cf. Price v. Barnhart,* 129 F. App'x 699, 700 (3d Cir. 2005) (per curiam) (following *Machadio* and *Harris* in a non-precedential opinion).

*Liberto v. Com. Soc. Sec.,* 2020 WL 207136, at *2-3 (Jan. 14, 2020). I need not decide this issue here, as the case is dismissed on other grounds.

("Commissioner" or "Defendant"), ending disability benefits for J.T.M. under § 1614 (a)(3)(C) of the Social Security Act. This matter is before me for disposition, upon consent of the parties.[3] For the reasons that follow, Plaintiff's request for review will be DISMISSED WITH PREJUDICE.

On February 27, 2019, Plaintiff filed a Complaint with this Court appealing the Commissioner's final decision finding J.T.M. not disabled, and ending disability benefits as of February 19, 2014. (ECF 2). I granted Plaintiff's application to proceed in forma pauperis on March 1, 2019. (ECF 6). On June 12, 2019, the Commissioner filed an Answer to Plaintiff's Complaint, together with a copy of the Administrative Record. (ECF 14, 16). Plaintiff filed a motion for appointment of counsel; I granted that motion on March 5, 2019 and directed the Clerk of Courts to refer the case to the Attorney Panel for Pro Se Plaintiffs in Social Security Cases. (ECF 3, 8). On July 16, 2019, I ordered this matter removed from the Attorney Panel because no attorney had volunteered to accept the appointment. (ECF 17). I ordered Plaintiff to file a brief on or before September 16, 2019. *Id.* Plaintiff failed to file a brief, and on October 15, 2019, I ordered Plaintiff to show cause why this matter should not be dismissed for lack of prosecution. (ECF 18). On November 5, 2019, Plaintiff sent a letter explaining that she had been trying to obtain counsel. (ECF 19). I extended Plaintiff's deadline, and directed Plaintiff, either representing herself or through counsel, to file a brief by December 9, 2019. (ECF 20). I informed Plaintiff that her failure to file a brief could result in dismissal. *Id.* On December 5, 2019, Plaintiff sent a letter explaining that she was unable to retain counsel and would be proceeding *pro se*. (ECF 21).

---

[3] In accordance with 28 U.S.C. § 636(c), the parties voluntarily consented to have the undersigned United States Magistrate Judge conduct proceedings in this case, including the entry of final judgment. (Consent and Order, ECF Nos. 8 and 9).

On February 21, 2020, I entered an Order directing that Plaintiff, either representing herself or through counsel, to file a Brief and Statement of Issues in Support of Request for Review on or before March 23, 2020.  I explicitly informed Plaintiff that failure to timely file a Brief would result in dismissal of this action.  I notified Plaintiff that I may *sua sponte* dismiss a case for failure to prosecute after informed consideration of the facts and circumstances surrounding of the failure to prosecute, and would allow Plaintiff one final opportunity to file or brief, or explain in detail why this case should not be dismissed for failure to prosecute.  *See Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008); *Donnelly v. Johns–Manville Sales Corp.,* 677 F.2d 339, 341 (3d Cir.1982).

To date, Plaintiff has not filed a brief, or otherwise responded to my February 21, 2020 Order.

Rule 41(b) of the Federal Rules of Civil Procedure provides in relevant part, "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  This Rule has been interpreted to permit a district court to dismiss an action *sua sponte*.  *See Shields v. Comm'r of Soc. Sec.,* 474 Fed Appx. 857, 858 (3d Cir. 2012).  ("Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action *sua sponte* if a plaintiff fails to prosecute his case."). Dismissal for failure to prosecute may be appropriately invoked only after analyzing six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.  *Poulis v. State Farm Cas. Co*., 747 F.2d 863, 868 (3d Cir. 1984).  No single *Poulis* factor is determinative

and dismissal may be appropriate even if some of the factors are not met. *See Shields*, 474 Fed. Appx. at 858. "There is no 'magic formula' or 'mechanical calculation' for balancing the *Poulis* factors, and a District Court need not find all of the factors satisfied in order to dismiss a complaint." *Qadr v. Overmyer,* 642 Fed. Appx. 100, 102-03 (3d Cir. 2016) (citing *Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cir. 2008)).

The majority of the *Poulis* factors weigh in favor of dismissing this case. In analyzing the first *Poulis* factor, I find that the delay in prosecuting this case can be attributed to Plaintiff personally. Plaintiff has had over ten months to file a supporting brief and has been granted multiple extensions of time to file, but she still has not done so. (ECF 17, 18, 20, 22). On three occasions, Plaintiff was specifically advised that in the absence of an attorney agreeing to represent her, she was responsible for filing a brief on her own. (ECF 17, 20, 22). Plaintiff's initial failure to file a supporting brief and subsequent failure to comply with the Court's October 15, 2019, November 7, 2019, and February 21, 2020 Orders demonstrate that Plaintiff has failed to abide by court orders, and has neglected to litigate this case. *See Shields*, 474 Fed. Appx. at 858; *Muhammad v. Court of Common Pleas of Allegheny County*, 532 Fed. Appx. 106, 108 (3d Cir. 2013) (concluding the first Poulis factor weighed against the plaintiff because "a pro se litigant [ ] is solely responsible for the progress of his case.") (internal quotation marks and citations omitted).

Similarly, the second and third *Poulis* factors, prejudice to the adversary caused by Plaintiff's conduct and a history of dilatoriness, weigh in favor of dismissal of this action. Plaintiff's failure to file a supporting brief has caused prejudice to the Commissioner, who has been unable to move the case any closer to completion. *See Srebro v Comm'r of Soc. Sec.,* 2019 WL 1988660 (M.D. Pa. May 6, 2019). Further, Plaintiff's lack of substantive action in the year since this case was filed demonstrates a history of dilatoriness. *Id*; *Shields.*

The fourth *Poulis* factor, whether the conduct of the party was willful or in bad faith, also cuts against Plaintiff.  While there is no specific indication that Plaintiff acted in bad faith, Plaintiff's conduct appears willful, as she failed to comply with multiple orders of the court to take specific action.  *See Borwegan v. Comm'r of Soc. Sec.,* 2016 WL 3708080 (M.D. Pa. Jan. 11, 2016); *report and recommendation approved* 2016 WL 3683382 (M.D. Pa. Jul. 12, 2016).  Therefore, the court is compelled to conclude that Plaintiff's actions were not accidental but instead reflect an intentional disregard for the court's instructions.  *Id.*

While *Poulis* enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing *Poulis* agree that in matters involving a *pro se* plaintiff, proceeding *in forma pauperis*, who fails to comply with court orders, alternative sanctions are not effective.  *See Srebro, Briscoe, supra,* 538 F.3d at 262-63.

The final *Poulis* factor, meritoriousness of the claims, is impossible to evaluate because Plaintiff never filed a brief.  Therefore, as I do not have sufficient grounds to evaluate the meritoriousness of Plaintiff's claims, this factor cannot work in Plaintiff's favor to avoid dismissal.

It is well-settled that no single *Poulis* factor is dispositive, and not all of the *Poulis* factors need be satisfied in order to dismiss a complaint.  *See Briscoe*, 538 F.3d at 263.  Here, Plaintiff's personal responsibility for the failure to prosecute, history of dilatoriness, and willful course of conduct, together with prejudice to the defendant, weigh in favor of dismissal.  For these reasons, I find that, on balance, the *Poulis* factors weigh in favor of DISMISSING this case WITH PREJUDICE.

> BY THE COURT:
>
>   /s/ Lynne A. Sitarski
> LYNNE A. SITARSKI
> United States Magistrate Judge